02-11-096--099-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00096-CR

NO. 02-11-00097-CR

NO. 02-11-00098-CR

NO. 02-11-00099-CR


 
 
 JOSHUA AUSTIN RODRIGUEZ
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


------------

FROM THE 432ND DISTRICT
COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION[1]

------------

          Appellant Joshua Austin Rodriguez
appeals his four prison sentences imposed for engaging in organized criminal
activity.  We affirm.

          Appellant pled guilty to
five charges of engaging in organized criminal activity and elected to have a
jury decide his punishment.  The jury assessed punishment at twenty-five years’
confinement on four of the charges and recommended ten years’ probation on the
fifth.[2] 
The trial court sentenced Appellant to twenty-five years’ confinement for the
four cases on appeal, to run concurrently.

          Appellant’s court-appointed
appellate counsel has filed a motion to withdraw as counsel, accompanied by a
brief in support of that motion.  In the brief, counsel states, that in his
professional opinion these appeals are frivolous and without merit.  Counsel’s
brief and motion meet the requirements of Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the
records demonstrating why there are no arguable grounds for relief.  We gave
Appellant the opportunity to file a pro se response to the Anders brief,
but he has not filed one.  The State also has not filed a brief.

          Once an appellant’s
court-appointed attorney files a motion to withdraw on the grounds that an
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only
then may we grant counsel’s motion to withdraw.  See Penson v. Ohio, 488
U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We have carefully reviewed
the records and counsel’s brief.  We agree with counsel that these appeals are
wholly frivolous and without merit; we find nothing in the records that might
arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684,
685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s motion to
withdraw and affirm the trial court’s judgments.

 

 

                                                                             PER
CURIAM

 

PANEL:  GABRIEL, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2012









[1]See
Tex. R. App. P. 47.4.





[2]Appellant
did not appeal the case in which he received a probated sentence.